[No. A081271. First Dist., Div. Three. Sept. 11, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURO MIGUEL BLARDONY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3.

**COUNSEL**

James Robert Courshon for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—If a customs agent violates an administrative regulation by conducting a random search of mail from a foreign country, does the

exclusionary rule require suppression of contraband found in the package? No; the United States Constitution does not prohibit random border searches of incoming international mail, nor is there any legislative provision for the exclusion of evidence recovered by customs agents in this manner. Therefore, such evidence is admissible in California courts.

After his motion to suppress evidence was denied, Mauro Miguel Blardony pleaded no contest to a charge of possessing methamphetamine for sale, while personally armed with a firearm. On appeal, he renews his claims that the evidence against him was illegally obtained and should have been suppressed. We affirm the judgment.

## BACKGROUND

On March 26, 1997, a customs inspector randomly opened and searched a Federal Express package from the Philippines addressed to "Miguel Blardony" at an apartment in Daly City. The commercial invoice stated the package contained a karaoke tape of children and family pictures. However, the inspector discovered a crystalline substance inside. A "presumptive test" on the substance yielded a positive result for methamphetamine. The substance was sent to a customs forensic laboratory for further analysis, which verified that it was methamphetamine, weighing about 30 grams.

On March 27, a customs agent turned the package over to Daly City Police Detective Julian Agustin. Agustin went to the address written on the package and saw the name "Blardony" next to the doorbell for the apartment number on the package. He ran a Department of Motor Vehicles check on the name "Miguel Blardony" without finding a match. On two occasions, Agustin tried to deliver the package to Blardony's apartment, but no one answered the doorbell. On March 31, Agustin applied for a search warrant, stating his training and experience led him to believe the crystal methamphetamine in the package was a bulk shipment that a dealer would break up into smaller packets for sale. He stated that other controlled substances, transaction records, cash, and firearms are typically kept in dealers' residences, and he believed Blardony was involved in a conspiracy to sell methamphetamine. The magistrate issued a search warrant, and officers found drugs, drug paraphernalia, and firearms in Blardony's apartment on March 31, 1997.

After waiving a preliminary hearing, Blardony was charged by information with various drug and weapons violations. He moved to suppress the evidence seized from his apartment, contending (1) the customs inspector's random search of the package addressed to Blardony was unlawful; (2) the

chemical analysis of the package's contents was unlawful because it was performed without a warrant; (3) Detective Agustin's warrant application was insufficient to establish probable cause; and (4) the warrant could not be saved by the "good faith" exception to the exclusionary rule. The court denied the motion. In a negotiated plea agreement, Blardony pleaded nolo contendere to count 1 of the information and admitted a firearm enhancement, in return for dismissal of the other counts.

## DISCUSSION

When the superior court sits as the finder of fact on a motion to suppress brought in the first instance in superior court, we must uphold the court's factual findings if they are supported by substantial evidence. However, we independently determine whether the facts establish probable cause, and whether suppression of evidence is required under federal constitutional standards. (*People* v. *Lawler* (1973) 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621]; *People* v. *Trujillo* (1990) 217 Cal.App.3d 1219, 1223-1224 [266 Cal.Rptr. 473]; *People* v. *Mikesell* (1996) 46 Cal.App.4th 1711, 1716 [54 Cal.Rptr.2d 708].)

### 1. *A Random Border Search of Incoming Mail Does Not Violate the Fourth Amendment*

Blardony relies on *U.S.* v. *Taghizadeh* (9th Cir. 1996) 87 F.3d 287, 288-289, which holds that customs searches of incoming international mail packages are governed by 19 United States Code section 1582 and its implementing regulations. Among those regulations is 19 Code of Federal Regulations, section 145.3(a) (1998), which requires "reasonable cause to suspect the presence of merchandise or contraband" for agents to open and examine letter class mail that appears to contain matter other than correspondence. Blardony contends the random search of his package violated the reasonable cause requirement, rendering the search unlawful and requiring suppression of the package's contents.

We assume for purposes of argument that Blardony's Federal Express package met the definition of "letter class mail" provided in 19 Code of Federal Regulations, section 145.1(b) (1998)—"any mail article, including packages . . . mailed at the letter rate or equivalent class or category of postage." Nevertheless, the customs inspector's presumptive violation of regulatory requirements provided no basis for application of the exclusionary rule. Border searches of incoming international mail are per se "reasonable" under the Fourth Amendment, without any need to show probable cause. (*United States* v. *Ramsey* (1977) 431 U.S. 606, 619-622 [97 S.Ct.

1972, 1980-1982, 52 L.Ed.2d 617]; *U.S.* v. *Ani* (9th Cir. 1998) 138 F.3d 390, 392.) "Absent a constitutional violation or a congressionally created remedy, violation of an agency regulation does not require suppression of evidence." (*U.S.* v. *Ani, supra,* 138 F.3d at p. 392, citing among other cases *United States* v. *Caceres* (1979) 440 U.S. 741, 744 [99 S.Ct. 1465, 1467-1468, 59 L.Ed.2d 733] [no suppression of evidence obtained in violation of IRS regulations]; *U.S.* v. *Benevento* (2d Cir. 1987) 836 F.2d 60, 69-70 [no suppression of evidence obtained in violation of customs regulations].) "There is nothing to indicate that Congress or the United States Customs Service intended the exclusionary rule to be a remedy for violation of 19 U.S.C. § 1582 or 19 C.F.R. [§] 145.1 *et seq.*" (*U.S.* v. *Ani, supra,* 138 F.3d at p. 392, original italics.)

Accordingly, the random search of Blardony's package was not a ground for suppression of the evidence yielded by the search.

2., 3.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The judgment is affirmed.

Phelan, P. J., and Walker, J., concurred.

---

*See footnote, *ante,* page 791.